# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| MODERN FONT APPLICATIONS LLC, a Utah limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>RED LOBSTER HOSPITALITY LLC, a Delaware company,<br><br>    Defendant | Case No. 6:21-cv-00470<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT'S MOTION TO STRIKE, OR ALTERNATIVELY TO COMPEL, PLAINTIFF'S INFRINGEMENT CONTENTIONS

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | NATURE AND STAGE OF THE PROCEEDING | 1 |
| II. | LEGAL STANDARDS | 1 |
| III. | ARGUMENT | 2 |
| | A. MFA's Infringement Contentions are Deficient. | 2 |
| | 1. Deficiency No. 1: Failure to identify a "program module" | 3 |
| | 2. Deficiency No. 2: Failure to identify a "system font table" | 6 |
| | 3. Deficiency No. 3: Failure to identify a "font package" | 7 |
| | 4. Deficiency No. 4: Failure to identify an "electronic file package" | 8 |
| | 5. Deficiency No. 5: Failure to identify a "network document" | 9 |
| | 6. Remaining Deficiencies | 10 |
| IV. | CONCLUSION | 10 |

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Am. Video Graphics, L.P. v. Elec. Arts, Inc.*,
    359 F. Supp. 2d 558 (E.D. Tex. 2005)..................................................................................3

*Bender v. Infineon Techs. N. Am. Corp.*,
    No. 09-cv-02112, 2010 WL 964197 (N.D. Cal. Mar. 16, 2010) ............................................4

*Big Baboon Corp. v. Dell, Inc.*,
    723 F. Supp. 2d 1224 (C.D. Cal. 2010) .................................................................................5

*Connectel, LLC v. Cisco Sys., Inc.*,
    391 F.Supp.2d 526 (E.D. Tex. 2005) ....................................................................................2

*Finjan, Inc. v. Check Point Software Techs., Inc.*,
    No. 18-cv-02621, 2019 WL 955000 (N.D. Cal. Feb. 27, 2019) .........................................5, 9

*Finjan, Inc. v. Proofpoint, Inc.*,
    No. 13-cv-05808, 2015 WL 1517920 (N.D. Cal. Apr. 2, 2015).............................................4

*Finjan, Inc. v. SonicWall, Inc.*,
    No. 17-cv-04467, 2019 WL 2077849 (N.D. Cal. May 10, 2019)...........................................4

*Kinglite Holdings Inc. v. Micro-Star Int'l Co.*,
    2016 WL 6762573 (C.D. Cal. June 15, 2016) .......................................................................2

*Modern Font Applications LLC v. The Habit Restaurants LLC*,
    Case No. 8:19-cv-01660, Dkt. No. 43 (C.D. Cal. April 16, 2020) ..........................................1

*Network Caching Tech. LLC v. Novell Inc.*,
    No. 01-cv-02079, 2002 WL 32126128 (N.D. Cal. Aug. 13, 2002) ..............................4, 6, 7

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
    467 F.3d 1355 (Fed. Cir. 2006)..............................................................................................1

*Oracle Am., Inc. v. Google LLC*,
    886 F.3d 1179 (Fed. Cir. 2018), cert. granted, 140 S. Ct. 520, 205 L. Ed. 2d 332 (2019)........5

*SmartPhone Techs. LLC v. HTC Corp.*,
    No. 6:10-cv-00580, 2012 WL 1424173 (E.D. Tex. 2012).......................................................2

*Sung v. Shinhan Diamond Am., Inc.*,
    No. 14-cv-00530-MWF, 2015 WL 12681306 (C.D. Cal. June 9, 2015) (discussing N.D.
    Cal.'s similar Local Patent Rules) ..........................................................................................2

**I.      NATURE AND STAGE OF THE PROCEEDING**

Plaintiff Modern Font Applications LLC brought this suit against Defendant Red Lobster Hospitality LLC on May 5, 2021. (Dkt. No. 1.) MFA alleges the "My Red Lobster Rewards" Android and iOS mobile phone applications infringe U.S. Pat. No. 9,886,421, which relates to the delivery and rendering of fonts on a computer. (*Id.* at ¶¶ 2, 42.)

MFA served incomplete P.R. 3-1 disclosures on July 14, 2021. MFA's infringement contentions are deficient for not identifying "where in the accused product(s) each element of the asserted claim(s) are found," as required by the Court's June 24, 2021 standing Order Governing Proceedings. MFA knows that its formulaic infringement contentions are inadequate because last year a prior defendant challenged essentially identical contentions. *See Modern Font Applications LLC v. The Habit Restaurants LLC*, Case No. 8:19-cv-01660, Dkt. No. 43 (C.D. Cal. April 16, 2020). The *Habit* case resolved without a ruling on the motion.

**II.     LEGAL STANDARDS**

Patent rules are "designed specifically to require parties to crystallize their theories of the case early in the litigation so as to prevent the 'shifting sands' approach to claim construction." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (internal quotations omitted) (commenting on the N.D. Cal. Patent Rules, which are similar to this Court's rules in relevant part). For example, the Eastern District of Texas Patent Rule 3-1(c), which is similar to this Court's rule in its standing Order Governing Proceedings, requires a patent claimant to serve infringement contentions that contain:

> (c) A chart ***identifying specifically where each element of each asserted claim is found within each Accused Instrumentality***, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

P.R. 3-1(c) (emphasis added).

1

To comply with P.R. 3-1, plaintiffs must set forth "particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent [claims] themselves." *Connectel, LLC v. Cisco Sys., Inc.*, 391 F.Supp.2d 526, 528 (E.D. Tex. 2005). Infringement contentions "providing vague, conclusory language or simply mimicking the language of the claims when identifying infringement fail to comply with Patent Rule 3–1." *Id.* Rather, plaintiffs must "be as specific as possible" in their contentions. *SmartPhone Techs. LLC v. HTC Corp.*, No. 6:10-cv-00580, 2012 WL 1424173, at *3 (E.D. Tex. 2012).

Of course, patent rules do not require a plaintiff to prove its infringement case, but a plaintiff must "disclose what in each accused instrumentality it contends practices each and every limitation of each asserted claim to the extent appropriate information is reasonably available to it." *Kinglite Holdings Inc. v. Micro-Star Int'l Co.*, 2016 WL 6762573, at *1 (C.D. Cal. June 15, 2016). "Plaintiffs cannot focus on the big picture and ignore the specific requirements of their claims," and they "simply cannot use discovery to establish their infringement theory." *Sung v. Shinhan Diamond Am., Inc.*, No. 14-cv-00530-MWF, 2015 WL 12681306, at *5 (C.D. Cal. June 9, 2015) (discussing N.D. Cal.'s similar Local Patent Rules).

### III.    ARGUMENT

#### A.    MFA's Infringement Contentions are Deficient.

MFA was required to "rigorously analyze all publicly available information before bringing suit and must explain with great detail [its] theories of infringement." *ConnecTel*, 391 F.Supp.2d at 527–28. Despite this, there is no evidence of any such analysis in MFA's infringement contentions, which are a jumble of threadbare and conclusory allegations. *See generally* Ex. A. Instead of providing a fulsome disclosure of its infringement theory, MFA's contentions hide the ball by failing to identify specifically where multiple critical elements of the

2

asserted claims are found within the accused instrumentalities. Red Lobster is thus left to guess as to MFA's infringement theories, thereby improperly shifting the burden to Red Lobster to prove non-infringement.

These failings are not mere procedural violations, as they are prejudicial to Red Lobster's right to defend itself. The contentions' vague and unsupported allegations impede Red Lobster's ability to investigate MFA's infringement theory, conduct an informed prior art search, or determine which terms require claim construction. This thwarts the purpose of infringement contentions, which are meant to "provide structure to discovery and enable the parties to move efficiently toward claim construction and the eventual resolution of their dispute." *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005). For the reasons discussed below, MFA's infringement contentions are inadequate and require amendment.

1. *Deficiency No. 1: Failure to identify a "program module"*

| Claim Language (U.S. 9,886,421) | Infringement Analysis |
|---|---|
| [[1.6]] whereby when the plurality of display characters are displayed, the plurality of display characters are displayed by **a program module of the operating system** using the one or more external font files, | ■■■■■■■■■■■■■■■ |

Ex. A chart at 7 (emphasis added).

The above table reproduces claim element [1.6] and ■■■■■■■■■■■■■■■ ■■■■■■■■■ Claim element [1.6] requires "a program module of the operating system," but MFA's contentions fail to identify what the program module is or where it is found. Instead, MFA ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ ■■■■■■■■■■■■■■■■■■■■." Ex. A. chart at 7. "It is not sufficient for [MFA] to simply declare

3

that a component that performs the claimed functionality exists in an accused instrumentality; [MFA] must identify the infringing element and where it is found." *Finjan, Inc. v. SonicWall, Inc.*, No. 17-cv-04467, 2019 WL 2077849, at *6 (N.D. Cal. May 10, 2019). MFA discusses "███████████████████████████████████████████████████████████████████████████████████████████████████"

While it is true that detailed allegations of software infringement may be impeded when a defendant has sole possession of allegedly-infringing source code, that consideration is not applicable here for two reasons. First, the unavailability of source code does not excuse MFA from providing any analysis at all. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808, 2015 WL 1517920, at *9 (N.D. Cal. Apr. 2, 2015) ("[T]he flexibility provided in cases involving software patents does not mean that a party may delay providing any comprehensible theory of infringement until that source code is provided.). "[A] plaintiff is required to include [in its] infringement contentions all facts known to it, including those discovered in its Fed.R.Civ.P. 11 pre-filing investigation." *Bender v. Infineon Techs. N. Am. Corp.*, No. 09-cv-02112, 2010 WL 964197, at *1 (N.D. Cal. Mar. 16, 2010). For MFA to provide no analysis implies that MFA has conducted no analysis and thus violated Rule 11's pre-suit mandate to "compare an accused product to its patents on a claim by claim, element by element basis for at least one of each defendant's products." *Network Caching Tech. LLC v. Novell Inc.*, No. 01-cv-02079, 2002 WL 32126128, at *5 (N.D. Cal. Aug. 13, 2002). If this is not the case, then MFA should seek leave to amend without waiting for the Court to compel it to do so.

Second, MFA cannot claim that lack of access to Red Lobster's confidential source code impeded its identification of a "program module" because the "program module" is "***of the operating system***." Ex. A at 7. It is undisputed that the accused operating systems are Android or

4

iOS, neither of which Red Lobster maintains or controls. *See* Ex. A at 9 ("▇▇▇▇▇▇ ▇ ▇▇▇▇▇▇▇"). Red Lobster's confidential source code relates only to the accused instrumentalities—the My Red Lobster Rewards applications—not the operating systems upon which they run.

The only barrier to providing analysis for this claim is MFA's lack of diligence because, at least with respect to the Android operating system, the source code is public and freely available. *See Oracle Am., Inc. v. Google LLC*, 886 F.3d 1179, 1187 (Fed. Cir. 2018), cert. granted, 140 S. Ct. 520, 205 L. Ed. 2d 332 (2019) ("Google provides the Android platform free of charge to smartphone manufacturers and publishes the source code for use without charge under an open source license."); *see also* https://source.android.com/setup/build/downloading (directions for downloading Android source code). Because source code for the Android operating system is, and has been, available, MFA must provide pinpoint citations to where this element resides. *See Big Baboon Corp. v. Dell, Inc.*, 723 F. Supp. 2d 1224, 1228 (C.D. Cal. 2010) ("Once source code has been provided to the plaintiffs, however, courts have required plaintiffs to supplement their infringement charges with pinpoint citations.); *Finjan, Inc. v. Check Point Software Techs., Inc.*, No. 18-cv-02621, 2019 WL 955000, at *5 (N.D. Cal. Feb. 27, 2019) ("Where the accused instrumentality includes computer software based upon source code made available to the patentee, the patentee must provide 'pinpoint citations' to the code identifying the location of each limitation.").

2.       *Deficiency No. 2: Failure to identify a "system font table"*

| Claim Language (U.S. 9,886,421) | Infringement Analysis |
|---|---|
| [[1.7]] wherein in response to the one or more external font files being installed, **a system font table of the hand-held device** is updated to reflect an availability of the external font files. | ███████████████ |

Ex. A chart at 7–8 (emphasis added).

MFA's contentions with respect to the "system font table" of claim element [1.7] are similarly deficient for the reasons discussed regarding the "program module" limitation. The above table reproduces claim element [1.7] and MFA's analysis ▮▮▮▮▮▮▮▮▮ The contentions contend that the "system font table" is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. MFA has the ability to do this because Android is open source. Its failure to provide a pinpoint citation is inexcusable. Once again, MFA "has provided no further information to defendant[] than the claim language itself. This is plainly insufficient." *Network Caching*, 2002 WL 32126128, at *6.

MFA has failed in its duty to identify with particularity what meets this limitation in the accused instrumentality, and where it can be found. This is similar to another deficient allegation in *Jaipuria v. Linkedin Corp.*, where "Plaintiffs allege[d] the Defendants infringe[d] the claim element 'assigning a multibridge linking code to each entity found during the search that has satisfied the specific criteria,' because 'LinkedIn assigns a multibridge linking code to each entity

6

found during the search as reflected in the excerpt from the LinkedIn help file.'" No. 6:11-CV-00066, 2013 WL 12146741, at n.3 (E.D. Tex. Mar. 27, 2013). The plaintiff's parroting of the claim language was deemed deficient. Here, as in *Jaipuria*, MFA has "failed to go beyond the language of the claims and actually explain how the accused products meet the asserted claim elements." *Id.*, 2013 WL 12146741, at *2.

    3.    Deficiency No. 3: Failure to identify a "font package"

| Claim Language (U.S. 9,886,421) | Infringement Analysis |
|---|---|
| [[1.2]] **a font package** comprising one or more external font files that include formatting information necessary for the hand-held device to render the at least one of the plurality of display characters using the one or more identified external fonts, | ███████████████<br>███████████████<br>███████████████<br>███████████████<br>███<br>███████████████<br>███████████████<br>███████████████<br>███████████████<br>███ |

Ex. A chart at 4–5 (emphasis added).

MFA's infringement analysis for claim element [1.2] is reproduced above in relevant part. The provided language is ███████████ regarding the "font package." ███████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

7

███████████████████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████ MFA cannot be permitted to inject ambiguity and contradictions into its infringement theory if Red Lobster is to have a fair chance at preparing its defense. MFA must amend its contentions on this point as well to eliminate further prejudice to Red Lobster.

4. *Deficiency No. 4: Failure to identify an "electronic file package"*

| Claim Language (U.S. 9,886,421) | Infringement Analysis |
|---|---|
| [[1.1]] **an electronic file package** including a plurality of display characters and computer executable instructions for identifying the plurality of display characters for display and for identifying one or more external fonts used to render at least one of the plurality of display characters; |  |

Ex. A chart at 2–3 (emphasis added).

Similar to the "font package" element, MFA's contentions fail to specifically identify what an "electronic file package" is in the accused instrumentalities. The infringement contentions allege that "████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████" Ex. A chart at 3. Again,

8

MFA's "burden cannot be met simply by parroting claim language or through reference screenshots or website content." *Check Point*, 2019 WL 955000, at *5.

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████. Because the infringement contentions do not ████████████

█████████████████████████████, MFA has failed to identify the infringing element.

    5.  Deficiency No. 5: Failure to identify a "network document"

| Claim Language (U.S. 9,886,421) | Infringement Analysis |
|---|---|
| [[6.1]] requesting, by a handheld device with an operating system that recognizes a standard set of fonts, **a network document** that is hosted on a server communicatively coupled to the hand-held device via a network, the network document including: | ████████████████████████████ ████████████████████████████ ████████████████████████ ██████████████████████ |

Ex. A chart at 10 (emphasis added).

Claim element [[6.1]] introduces a "network document" structure, the presence of which MFA alleges ████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████However, without further clarification, MFA's disclosure for element [6.1] is deficient because ████████████████████████████████████████████.

9

6. *Remaining Deficiencies*

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████████████. The need for remediation is thus all the more pressing so that Red Lobster may understand the nature of the allegations against it and prepare its case on non-infringement, invalidity, and claim construction.

## IV.   CONCLUSION

For the foregoing reasons, Red Lobster respectfully requests that MFA's infringement contentions be struck or, in the alternative, that MFA be compelled to amend its infringement contentions to identify specific structures in the accused products.

| | |
|---|---|
| August 17, 2021 | Respectfully Submitted,<br><br>**FISH & RICHARDSON P.C.**<br><br>/s/ *Michael A. Vincent*<br>Neil J. McNabnay<br>Texas Bar No. 24002583<br>Ricardo J. Bonilla<br>Texas Bar No. 24082704<br>Michael A. Vincent (*pro hac vice*)<br>Texas Bar No. 24105738<br>mcnabnay@fr.com<br>rbonilla@fr.com<br>vincent@fr.com<br><br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone: (214) 747-5070<br>Facsimile: (214) 747-2091<br><br>**COUNSEL FOR DEFENDANT**<br>**RED LOBSTER HOSPITALITY LLC** |

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for the parties met and conferred on August 6, 2021, regarding the substance of this motion. Despite the parties' attempt to meet and confer on the issues in good faith, no agreement could be reached on the issues set forth in this motion. The parties' discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

*/s/ Michael A. Vincent*
Michael A. Vincent

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 17, 2021, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Michael A. Vincent*
Michael A. Vincent
