**PUBLIC VERSION**
**(REDACTED )**

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| MODERN FONT APPLICATIONS LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RED LOBSTER HOSPITALITY LLC,<br><br>　　　　　Defendant. | Case No. 6:21-cv-00470-ADA<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF MODERN FONT APPLICATIONS LLC'S RESPONSE IN
OPPOSITION TO DEFENDANT'S MOTION TO STRIKE OR COMPEL**

JOHNSON & MARTIN, P.A.
Perry S. Clegg (USB 7831)
pclegg@johnsonmartinlaw.com
50 W. Broadway, Suite 900
Salt Lake City, UT 84101
Tel.: (801) 783-3200
Facsimile: (954) 206-0013

*Attorneys for Plaintiff*
*Modern Font Applications LLC*

Plaintiff Modern Font Applications LLC ("Plaintiff" or "MFA") hereby opposes, pursuant to Local Rule CV-7(e), Defendant Red Lobster Hospitality LLC's ("Defendant" or "Red Lobster") Motion to Strike, or Alternatively to Compel, Plaintiff's Infringement Contentions (ECF No. 18).

## I. INTRODUCTION

Defendant's motion to strike or compel should be denied. MFA's preliminary infringement contentions provide sufficient detail to put Defendant on notice of MFA's infringement claims. Defendant has not yet produced source code and yet argues about exacting details that are in Defendant's possession and are not yet available to MFA. MFA has disclosed as much as can be disclosed without having Defendant's source code. In fact, MFA went beyond the disclosure requirements where it possessed the information to do so. Defendant's request to compel additional contention details where Defendant has not yet produced source code is unreasonable.

Notably, Defendant's motion was copied almost verbatim from a motion that the same attorneys filed against MFA in a different case, involving a different defendant, in a California court. *See* ECF No. 43 in case no. 8:19-cv-01660-MWF-KES, in the U.S. Dist. Ct. for the Central Dist. of California. In the California case, the parties stipulated to a dismissal with prejudice after agreeing to resolve the action pursuant to a confidential agreement. The opposition brief to the motion in that case should have alerted defense counsel that their arguments are meritless. Yet they regurgitate them here. Posing essentially the same motion with the same meritless arguments without considering the facts or modifying the motion for differences in applicable rules[1] merely unreasonably multiplies the proceedings in this case.

The purpose of infringement contentions is to provide notice of a plaintiff's theory of infringement. This does not require a plaintiff to prove infringement at the outset. And the pinpoint citations to software source code requested by Defendant are not required where the Defendant has not yet produced its source code. MFA served detailed contentions regarding claim elements where the information was available. And where Defendant has not yet produced relevant information,

---

[1] In the California case, the parties had stipulated to application of the patent procedure rules for the Eastern District of Texas.

MFA identified the elements with sufficient detail to provide reasonable notice of MFA's theories of infringement. MFA disclosed as much as it could without Defendant's source code. Incredibly, Defendant argues that MFA's contentions are deficient even though Defendant has not yet produced that source code. *See* ECF No. 19 p. 2 (Sept. 8 deadline for production).

Moreover, Defendant's motion omits important facets of MFA's contentions and relevant claim language. And many of Defendant's arguments defy reason; indeed, one must ignore both computer science and common understandings of file structures and modern operating systems to lay any credence to some of Defendant's arguments.

The preliminary infringement contentions are consistent with the information available to Plaintiff. Defendant's motion does not identify any legitimate deficiency in the contentions.

## II. LEGAL STANDARDS

Defendant recites cases applying the local rules of the Eastern District of Texas. Those rules are not applicable here. And the case law interpreting them is not applicable either.

However, even if the case law was relevant, the standards favor Plaintiff, not Defendant. Cases in several courts construe the patent rules of the Eastern District of Texas as follows.

Patent local "rules do not, as is sometimes misunderstood, 'require the disclosure of specific evidence nor do they require a plaintiff to prove its infringement case.'" *DCG Systems v. Checkpoint Technologies, LLC*, No. C 11– 03792 PSG, 2012 WL 1309161 at *2 (N.D. Cal. April 16, 2012); *Kinglite Holdings Inc. v. Micro-Star Int'l Co.*, No. CV 14-03009 JVS(PJWx), 2016 WL 6762573, at *1 (C.D. Cal. June 15, 2016) (same). Rather, one must "disclose what in each accused instrumentality it contends practices each and every limitation of each asserted claim to the extent appropriate information is reasonably available to it." *Id. (Kinglite)* at *1 (citing *DCG Systems*, 2012 WL 1309161 at *2).

The degree of specificity of contentions simply "must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a 'reasonable chance of proving infringement.'" *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (quoting *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000)).

Importantly, "pinpoint citations to source code are not a per se requirement in patent cases involving software. . . . The rule's purpose is to provide notice of the patentee's theory of infringement." *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv- 05808-HSG, 2015 WL 9023166, at *3 (N.D. Cal. Dec. 16, 2015)(citing *DCG Systems*). Such rules only require that "Plaintiff articulate with specificity its infringement contentions such that Defendants have reasonable notice." *Id.* at *3 (allowing " citations to source code directories rather than source code files" because "the rule does not require identification of every evidentiary item of proof").

Courts have declined to compel pinpoint citations when, as here, the plaintiff did not have defendant's source code. *Big Baboon Corp. v. Dell, Inc.*, 723 F. Supp. 2d 1224, 1227-28 (C.D. Cal. 2010) (citing *Network Caching Tech., LLC v. Novell, Inc.*, 2002 WL 32126128, at *7 (N.D.Cal.2002)).

Courts have also found infringement contentions are sufficient when the plaintiff identifies limitations as residing in specific software exclusively in Defendant's possession. *E.g., CSR Tech., Inc. v. Freescale Semiconductor*, No. C-12- 02619 RS (JSC), 2013 WL 503077, at *7 (N.D. Cal. Feb. 8, 2013).

Courts have also recognized that "there are times when plaintiffs' preparation [of infringement contentions] is restricted by defendants' sole possession of the information plaintiffs need. Software cases present unique challenges for the parties and the courts because, prior to discovery, plaintiffs usually only have access to the manifestation of the defendants' allegedly infringing source code and not the code itself. From this manifestation, plaintiffs must somehow divine whether the defendants' code infringes. . . . [and] until plaintiffs have access to it, plaintiffs are typically unable to give highly specified infringement contentions." *American Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560-61 (E.D. Tex. 2005)(holding plaintiff's infringement contentions complied with disclosure requirements); *see also, Antor Media Corp. v. Sony Ericsson Mobile Communs.*, No. 5:06CV239, 2007 WL 9724049, at *2 (E.D. Tex. July 27, 2007)(citing *American Video*, 359 F.Supp.2d at 560 for proposition that infringement contentions regarding software were specific enough given patent owner's lack of access to the source code); *Bright Solutions, Inc. v. Tire Seal, Inc.*, No. 5:06CV247, 2008 WL 11347983, at *7 (E.D. Tex. Jan. 14, 2008)(same).

And at least one court has held preliminary infringement contentions were sufficiently specific where the defendant complained that the plaintiff merely "cit[ed] to multiple source code files without identifying the applicable component, and for citing to code files without identifying which portions of those files are relevant to each limitation." *Dynamic Digital Depth Research Pty Ltd v. LG Elecs., Inc.*, No. CV 15-5578-GW(Ex), 2016 WL 7448294, at *3-*4 (C.D. Cal. June 7, 2016) ("[Plaintiff] argues that it identified specific source code files and software modules, provided a narrative description of the relevant functions, and cited technical documents illustrating those functions. . . . Although [Plaintiff] did not have access to the source code until a week before its supplemental infringement contentions were due, it nevertheless disclosed its theories of infringement at a level of specificity that matched the information available to it.")

Furthermore, the schedule proposed by the parties specifically states that the contentions may be amended later.  ECF No. 19 p. 1 fn. 1.

Plaintiff's infringement contentions are sufficiently specific, particularly here where Defendant has not yet produced any source code and the information needed is solely in Defendant's possession, custody, or control.

### III.    ARGUMENT

To set the context of this motion, MFA brought this action against Defendant for infringement of U.S. Pat. No. 9,886,421 relating to use and installation of various software applications on handheld devices, including smart phones using either the "Android" operating system or the "iOS" operating system.  Defendant has not yet produced source code to MFA. MFA does not have other access to Defendant's source code. MFA has access to the .ipa file and the .apk file that are downloaded when someone installs the version of Defendant's software that is identified in the infringement contentions. However, these .ipa and .apk files have already been compiled, meaning that much of the source code is obscured in a manner that prevents analysis by MFA. Small portions of the source code are not obscured. And where those portions are both present and discernably relevant, MFA has provided analysis in its contentions. Much of the relevant information and all of the relevant source code are in the sole possession of Defendant or its agents.

A.   The "Program Module"

Defendant's first complaint is about the "program module." MFA identified the elements of the clause containing "program module" as specifically as it was required to do (or even able to do without having disclosure of Defendant's source code). MFA can only disclose what is available to it. *See, e.g., CSR Tech.*, 2013 WL 503077, at *7 (defendant's motion denied "[b]ecause Plaintiff's [infringement contentions] identify the limitations of the '886 patent as residing in specific software—which is exclusively in Defendant's possession . . .").

As noted by Defendant, the claim language requires that "the plurality of display characters are displayed by a program module of the operating system…" The infringement contentions provide ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ And the contentions refer specifically ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ That statement is a reference to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ There can be no confusion as to what is referenced. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ "displayed by a program module of the operating system." These ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Linear Tech. Corp. v. ITC*, 566 F.3d 1049, 1060 (Fed. Cir. 2009) ("To prove infringement, a patentee must show 'that a defendant has practiced each and every element of the claimed invention,' and may do so by relying on either direct or circumstantial evidence.").

It is well known that one of the functions of modern operating systems is to interface with input and output devices, including the display screen. It is indisputable that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ There is no other reasonable explanation. To suggest otherwise would be almost equivalent to arguing gravity doesn't exist because an exhaustive mathematical proof hasn't been provided in

the charts. It is apparent to all reasonable persons having any amount of knowledge of the relevant field that the characters are (a) being displayed, (b) by a program module of the operating system software, and (c) using the one or more external font files. MFA's contentions specified ▮

▮

There is no requirement to ever identify a specific module of the operating system to prove infringement, even when the case goes to trial. *See, e.g., Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 835-36 (E.D. Tex. 2019) ("… [A]n accused software component may be identified by its functionality without needing to identify specific source code or other additional detail."). Defendant currently has notice of MFA's infringement theories; nothing more is required.

Further, if MFA adduces fact or opinion testimony that the characters are displayed by "a program module of the operating system" in the claimed manner, that will also be enough to prove infringement; it will establish that it is more probable-than-not that the act was performed as claimed by "a program module of the operating system."

Moreover, even if further disclosure was required, the specific portion of the operating system that is being invoked by Defendant's software cannot be identified at this time, because Defendant has not produced its source code, and because MFA has not yet been able to take discovery of, for example, the company that provides the iOS operating system.

Even if the court compels supplementation of the contentions, which it should not, MFA will not be able to make any supplementation until after it has had a reasonable opportunity to take discovery and to inspect and analyze the source code, and afterward take third party discovery into the functionality of the specific operating system.

### B. The "System Font Table"

Defendant's motion is similarly meritless with respect to the "system font table." Where MFA had detailed information, MFA presented this information (as shown below). Where MFA did not have detailed information, MFA could be only as specific as the information it currently possesses. *Big Baboon Corp.*, 723 F. Supp. 2d at 1227-28 (citing *Network Caching Tech.*, 2002 WL 32126128, at *7 (holding that plaintiff was not required to pinpoint the infringing routine or

algorithm because the only way to do so "is to analyze the source code, which is solely in the defendant's possession.")); *Kinglite Holdings*, 2016 WL 6762573, at *1 (citing *DCG Systems*, 2012 WL 1309161 at *2) (plaintiff must "disclose what in each accused instrumentality it contends practices each and every limitation of each asserted claim to the extent appropriate information is reasonably available to it.").

Defendant deceptively omitted a large portion of the contentions regarding the "system font table." This can be seen in this reproduced excerpt ▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ As shown, where MFA could locate information on the ▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ MFA further provided the information that it possesses, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (Id.) Defendant's false allegation that MFA failed to go beyond the claim language is belied by the language quoted in the preceding sentence pointing to ▬▬▬▬▬▬

[REDACTED]

Where the specific source code wasn't available to MFA, MFA was unable to provide more specificity, because MFA does not know the specific routines invoked by Defendant. MFA cannot provide information that is solely in Defendant's possession. *American Video Graphics*, 359 F. Supp. 2d at 560-61 ("until plaintiffs have access to [source code], plaintiffs are typically unable to give highly specified infringement contentions.").

C.  The "Font Package"

Defendant's argument on this claim element is wrong, senseless, and clearly deceptive. *DCG Systems*, 2012 WL 1309161 at *2 (patent "rules do not, as is sometimes misunderstood, 'require the disclosure of specific evidence nor do they require a plaintiff to prove its infringement case.'").

The claim language requires "a font package comprising one or more external font files…" The Contentions specifically state:



MFA specifically identified every portion of the claim element.

Defendant deceptively omitted the names of the approximately 30 font files in reproducing the allegedly deficient contentions and then argued that MFA should be able "to name what the font package allegedly is by file name, and not just where it allegedly is located." Motion pp. 7-8. This argument in view of approximately 30 file names listed above demonstrates the motion is frivolous.

Defendant's argument that MFA's contentions are inconsistent demonstrates further that Defendant has neither viewed the contentions reasonably nor examined them with someone who understands software. Statements that the [REDACTED]

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████

████████████████████████ A physical analogy to this might be stating that a person is both inside "a house" and inside "a bedroom of the house." If the person is indeed in the bedroom, both statements are consistent and true. Nothing is contradictory or deficient.

### D. The "Electronic File Package"

As with Defendant's prior arguments, Defendant ignores the clear disclosures in the contentions. Defendant's motion should be denied with respect to the electronic file package.

First, MFA identified █████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████ point Defendant exactly to where the electronic file packages meeting this element are located.

Second, MFA complied with the purpose of contentions, which is to "is to provide notice of the patentee's theory of infringement." *Finjan, Inc.*, 2015 WL 9023166, at *3 (citing DCG Systems, 2012 WL 1309161 at *2). Nothing requires a higher level of specificity when the source code is in the sole possession of the Defendant. *Big Baboon Corp.*, 723 F. Supp. 2d at 1227-28 ("plaintiff did not yet have source code information"); *CSR Tech.*, 2013 WL 503077, at *7 ("…specific software— which is exclusively in Defendant's possession…").

Defendant is wrong to suggest that the contentions are deficient because ██████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████ But to require more specific disclosure where information is in Defendant's sole possession would be contrary to logic.

### E. The "Network Document"

Defendant is wrong to suggest that MFA failed to disclose a "network document." Rather, Defendant's argument cut out relevant portions of the contentions and twisted others. Defendant's motion on this point strains reason. MFA's element 6.1 contention states that ██████



No surprise. This is consistent with the disclosure of the asserted '421 patent, which shows, in Figures 7 and 8, various embodiments with a font package within the network document. (ECF No. 1-1 at p. 11).

### F. The Alleged "Remaining Deficiencies"

MFA does not know how to respond to unidentified deficiencies in the contentions. It is unclear why Defendant would allege that deficiencies "cascade through the contentions" without identifying them such that MFA can respond. In the preceding sections, MFA responded to each baseless allegation of deficiency. Having read the motion, MFA cannot even begin to ascertain what relief or action Defendant seeks with respect to the alleged "remaining deficiencies."

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion should be denied in its entirety.

Respectfully submitted,

Dated:  August 31, 2021

By:  /s/ Perry S. Clegg
PERRY S. CLEGG

JOHNSON & MARTIN, P.A.
Perry S. Clegg (USB 7831)
pclegg@johnsonmartinlaw.com
50 W. Broadway, Suite 900
Salt Lake City, UT 84101
Tel.: (801) 783-3200
Facsimile: (954) 206-0013

*Attorneys for Plaintiff*
*Modern Font Applications LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who have consented to electronic service.

/s/ Perry S. Clegg
Perry S. Clegg