# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| MODERN FONT APPLICATIONS LLC, a Utah limited liability company,<br><br>       Plaintiff,<br><br>  vs.<br><br>RED LOBSTER HOSPITALITY LLC, a Delaware company,<br><br>       Defendant | Case No. 6:21-cv-00470<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT'S REPLY IN SUPPORT OF ITS
## MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS

**TABLE OF CONTENTS**

I. ARGUMENT ................................................................................................................... 2

    A. Deficiency No. 1: Failure to identify a "program module" .......................................... 2

    B. Deficiency No. 2: Failure to identify a "system font table" ......................................... 4

    C. Deficiency No. 3: Failure to identify a "font package" ................................................ 5

    D. Deficiency No. 4: Failure to identify an "electronic file package" .............................. 7

    A. Deficiency No. 5: Failure to identify a "network document" ...................................... 8

II. CONCLUSION ............................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Connectel, LLC v. Cisco Sys., Inc.*,
  391 F. Supp. 2d 526 (E.D. Tex. 2005) ........................................................................................ 1

*MicroStrategy Inc. v. Bus. Objects Americas*,
  238 F. App'x 605 (Fed. Cir. 2007) ............................................................................................. 6

*Motiva Patents, LLC v. Sony Corp.*,
  408 F. Supp. 3d 819 (E.D. Tex. 2019) ........................................................................................ 3

*Pers. Audio, LLC v. Google, Inc.*,
  No. 1:15-CV-350, 2017 WL 4837853 (E.D. Tex. May 15, 2017) .............................................. 3

*Sung v. Shinhan Diamond Am., Inc.*,
  No. 14-cv-00530 MWF, 2015 WL 12681306 (C.D. Cal. June 9, 2015) .................................... 1

Nowhere in the Response does MFA acknowledge that source code for the Android operating system is public and freely available, or that MFA should have analyzed the Android source code as part of its pre-suit investigation. Instead, MFA conflates Android's public source code with Red Lobster's confidential source code in an effort to excuse MFA's thin and incoherent contentions. Red Lobster's source code is irrelevant to this Motion because each identified deficiency can be addressed with publicly-available information: either the Android source code or other information that MFA has demonstrated it can access.

"[T]he case law is clear that where investigation is possible, it should be conducted by the plaintiff before the case can move forward." *Sung v. Shinhan Diamond Am., Inc.*, No. 14-cv-00530 MWF, 2015 WL 12681306, at *5 (C.D. Cal. June 9, 2015); *see also Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 528 (E.D. Tex. 2005) ("Plaintiffs are expected to rigorously analyze all publicly available information before bringing suit and must explain with great detail [in their preliminary infringement contentions] their theories of infringement."). MFA has the ability and obligation to use public information to be more specific so that Red Lobster can understand the infringement theory leveled against it. Instead, MFA contends that Red Lobster infringes, and that it will work out the details later. This is improper because "[p]laintiffs cannot focus on the big picture and ignore the specific requirements of their claims," and they "simply cannot use discovery to establish their infringement theory." *Sung*, 2015 WL 12681306, at *5. MFA must address the deficiencies in its contentions before this case can proceed.

I.  ARGUMENT

   A.  Deficiency No. 1: Failure to identify a "program module"

| Claim Language (U.S. 9,886,421) | Infringement Analysis |
|---|---|
| [[1.6]] whereby when the plurality of display characters are displayed, the plurality of display characters are displayed by **a program module of the operating system** using the one or more external font files, | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |

Ex. A at 7 (emphasis added).

Red Lobster's Motion anticipated MFA's excuses, yet MFA did nothing to address the preemptive arguments raised by Red Lobster. Red Lobster's source code is not the "operating system," and so its availability has no bearing on MFA's duty to investigate the public, freely available Android Operating System's source code to determine if there is "a program module **of the operating system**" that uses external font files to display characters. It is telling that MFA's Response never addresses the Android source code, which is Red Lobster's central argument as to this claim element.

Instead, MFA conflates Red Lobster's confidential source code with Android's public source code by relying on inapposite opinions that excuse a patentee from providing pinpoint citations to a defendant's source code when that source code is unavailable. (*See* Resp. at 10 (". . . the plaintiff did not yet have defendant's source code information."); *id.* at 4 (". . . software exclusively in Defendant's possession."); *id.* (". . . defendants' sole possession of the information plaintiffs need.").) Red Lobster is not asking that MFA provide citations to information that it has not reviewed, and no reasonable reading of the Motion could suggest otherwise. Rather, MFA must provide citations to the public Android source code that it could and should have reviewed

2

as part of its pre-filing investigation. Red Lobster's source code is unnecessary for MFA to address this deficiency.

MFA also argues that it owes Red Lobster only the barest of disclosures, regardless of the source material, and that "[t]here is no requirement to ever identify a specific module of the operating system to prove infringement, **even when the case goes to trial**." (Resp. at 7 (emphasis added).) Putting aside MFA's blatantly incorrect recitation of its burden at trial, MFA's mischaracterization of *Motiva Patents* to support this assertion is misleading and requires specific attention.

In *Motiva Patents*, the court considered the sufficiency of the facts alleged in Motiva's complaint in the context of a Rule 12(b)(6) motion to dismiss, not in the context of infringement contentions. *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 823 (E.D. Tex. 2019). This is significant because infringement contention disclosures are held to a higher standard than allegations in a complaint. *See Pers. Audio, LLC v. Google, Inc.*, No. 1:15-CV-350, 2017 WL 4837853, at *4 (E.D. Tex. May 15, 2017) (collecting cases) ("Allegations to the level of detail contained in infringement contentions are not required at the pleading stage.") (quotation omitted). Further, the court's reasoning was supported by the fact that discovery had not yet begun, so it was "unrealistic" to require Motiva to identify "precisely which source code component performs precisely the infringing function" at the pleading stage. Thus, *Motiva Patents* does not support MFA's bold assertion because *Motiva Patents* dealt with allegations in a complaint, not in infringement contentions, and because MFA does not need discovery to identify what it contends meets this claim element from within the publicly-available Android source code.

Finally, MFA's reliance on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ does not address this deficiency. Red Lobster should not have to guess at the significance of ▮▮▮▮▮▮ to divine

3

which software component is allegedly "a program module of the operating system." What's more, failing to read MFA's mind is not some *gravity defying* feat because it is not an inescapable conclusion that a component of the operating system is allegedly "using the one or more external font files." It is equally plausible that font handling is done internally to the application, and the operating system does not actually "use" the font files. MFA must provide more disclosure of its theory, complete with citations to the Android source code in support, because otherwise Red Lobster is left without sufficient notice as to the infringement theory against which it must defend itself.

**B.     Deficiency No. 2: Failure to identify a "system font table"**

| Claim Language<br><br>(U.S. 9,886,421) | Infringement Analysis |
|---|---|
| [[1.7]] wherein in response to the one or more external font files being installed, **a system font table of the hand-held device** is updated to reflect an availability of the external font files. | ███████████████████████<br>███████████████████████<br>███████████████████████<br>███████████████████<br>██████████<br>█<br><br>███████████████████████<br>███████████████████████<br>████████████████████<br>█████████████████████ |

Ex. A at 7–8 (emphasis added).

This deficiency relates to MFA's lack of disclosure as to the Android system, which is why the Motion states that "[t]he above table reproduces claim element [1.7] and MFA's analysis *with regard to Android*." (Mot. at 6 (emphasis added).) The portion omitted by ellipses is irrelevant because it relates to ██████████████. (*See* Ex. A at 8 ("███████████████████████ ██████████████").) MFA's protests are an attempt to distract from the merits.

4

The arguments above concerning claim element [[1.6]] (the "program module of the operating system") apply with equal force to claim element [[1.7]] (the "system font table of the hand-held device") because both components are within the operating system and the Android source code is available to MFA. Again, Red Lobster is not asking MFA to provide citations to Red Lobster's source code or to iOS source code at this time. Red Lobster is only asking MFA to abide by its own understanding that "plaintiff must 'disclose what in each accused instrumentality it contends practices each and every limitation of each asserted claim **to the extent appropriate information is reasonably available to it**.'" (Resp. at 8 (emphasis added) (MFA quoting *Kinglite Holdings*, 2016 WL 6762573, at *1).) The Android source code is reasonably available, and so MFA can and should supply more notice about its infringement contentions. *See* https://source.android.com/setup/build/downloading (directions for downloading Android source code).

### C.  Deficiency No. 3: Failure to identify a "font package"

| Claim Language (U.S. 9,886,421) | Infringement Analysis |
|---|---|
| [[1.2]] **a font package** comprising one or more external font files that include formatting information necessary for the hand-held device to render the at least one of the plurality of display characters using the one or more identified external fonts, | ███████████████ |

Ex. A at 4–5 (emphasis added).

Claim element [[1.2]] requires at least (1) a font package, and (2) one or more font files that include formatting information. MFA asserts that it "specifically identified every portion of

5

the claim element," yet its infringement contentions address only ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

MFA uses its Response to disclose for the first time that it is advocating for an unconventional claim construction position that conflates two distinct claim elements: "font package" and "font files." In between accusing Red Lobster of being "deceptive" and filing a "frivolous motion," MFA asserts that Red Lobster should have known that the font package is the same as the "30 font files" it listed. (Resp. at 9 ("This argument [that MFA does not identify a font package] in view of approximately 30 file names listed above demonstrates the motion is frivolous.").) MFA should have disclosed this theory in its infringement contentions because it runs counter to the plain language of the claim, which requires "a font package comprising one or more external font files"—the same claim using two different terms indicates those two terms have different meanings and are distinct aspects of the claim. *MicroStrategy Inc. v. Bus. Objects Americas*, 238 F. App'x 605, 609 (Fed. Cir. 2007) ("[D]ifferent claim terms are presumed to have different meanings.").

As to the directory argument, all that MFA provides with respect to the font package is that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. A claim chart at 4, 6 (emphasis added). These locations are both conflicting and unhelpful. By following MFA's argument that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇—indeed, MFA's argument would allow a plaintiff to sufficiently identify code modules by pointing to the entire code base. This cannot be right. MFA's explanation for the discrepancy fails because there can be only one location of a file on a computer system, just as there is only one street address for a building. While it may

6

be accurate to say that the courthouse is located both in Waco and in Texas, neither disclosure provides the specificity required to actually locate it.

**D.     Deficiency No. 4: Failure to identify an "electronic file package"**

| Claim Language (U.S. 9,886,421) | Infringement Analysis |
|---|---|
| [[1.1]] **an electronic file package** including a plurality of display characters and computer executable instructions for identifying the plurality of display characters for display and for identifying one or more external fonts used to render at least one of the plurality of display characters; | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |

Ex. A at 2–3 (emphasis added).

MFA identifies ▮▮▮▮▮▮▮▮▮ for the Android app. (Resp. at 10 (emphasis added).) According to MFA's argument for the "font package" element, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Resp. at 10 ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮").) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

MFA asserts that pointing to ▮▮▮▮▮▮ shows Red Lobster "exactly to where the electronic file packages meeting this element are located." (Resp. at 10.) To the contrary, this disclosure is the antithesis of specificity. By telling Red Lobster to look to ▮▮▮▮▮▮ to satisfy this limitation, MFA is asserting that ▮▮▮▮▮▮▮▮▮ can be the "electronic file package." One "must ignore both computer science and common understandings of file structures and modern operating systems" to believe that this is a specific and sufficient disclosure. (Resp. at 3.) Moreover, Red Lobster's concern is not necessarily with

7

exactly where the "electronic file package" is located, but what MFA contends meets this limitation—a specific location would seem to be the best way to provide that notice to Red Lobster, but short of that, MFA must do more than simply allege that the "electronic file package" is something somewhere in the code.

### A. Deficiency No. 5: Failure to identify a "network document"

| Claim Language (U.S. 9,886,421) | Infringement Analysis |
|---|---|
| [[6.1]] requesting, by a handheld device with an operating system that recognizes a standard set of fonts, **a network document** that is hosted on a server communicatively coupled to the hand-held device via a network, the network document including: | ███████████████████████<br>███████████████████████<br>████████████████████<br>███████████████ |

Ex. A at 10 (emphasis added).

MFA's belated explanation raises more questions than it answers. It concludes that the "network document" corresponds to ████████████████████████████ (Resp. at 11.) No defendant could have known this because it runs counter to the patent.

████████████████████████████████

████████████████████████████████████ █

██████████:

8




Figure 7                    Figure 8

███████████████████████████████████████████████

███████████████████████████████████████████████

████████ If MFA intends to pursue an unorthodox infringement theory and claim construction divorced from the specification, it must make that apparent in its contentions and not assume that Red Lobster is able to follow MFA's deficient logic through implication and inference.

## II.    CONCLUSION

For the foregoing reasons, Red Lobster respectfully requests that MFA's infringement contentions be struck or, in the alternative, that MFA be compelled to amend its infringement contentions to comply with the Court's infringement contentions requirements and sufficiently disclose its infringement theory to Red Lobster.

| | |
|---|---|
| September 7, 2021 | Respectfully Submitted,<br><br>**FISH & RICHARDSON P.C.**<br><br>/s/ *Michael A. Vincent*<br>Neil J. McNabnay<br>Texas Bar No. 24002583<br>Ricardo J. Bonilla<br>Texas Bar No. 24082704<br>Michael A. Vincent (*pro hac vice*)<br>Texas Bar No. 24105738<br>mcnabnay@fr.com<br>rbonilla@fr.com<br>vincent@fr.com<br><br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone: (214) 747-5070<br>Facsimile: (214) 747-2091<br><br>**COUNSEL FOR DEFENDANT**<br>**RED LOBSTER HOSPITALITY LLC** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 7, 2021, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ *Michael A. Vincent*
Michael A. Vincent