IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MODERN FONT APPLICATIONS LLC, a Utah limited liability company,<br><br>         Plaintiff,<br><br>vs.<br><br>RED LOBSTER HOSPITALITY LLC, a Delaware company,<br><br>         Defendant | Case No. 6:21-cv-00470<br><br>**JURY TRIAL DEMANDED** |

## DISCOVERY ORDER

The Court hereby resolves the following discovery disputes that Modern Font Applications LLC ("MFA") and Red Lobster Hospitality LLC ("Red Lobster") submitted by email on June 17, 2022, and argued on June 22, 2022.

### Summary of the Issues

1.  Whether the Court should order Red Lobster to supplement its response to MFA's Interrogatory No. 1, which asks Red Lobster to identify persons "employed or independently contracted . . . relating to the design, development, creation, implementation, . . . advertising, [or] distribution, . . . of each [] Accused Instrumentalit[y]."

2.  Whether the Court should order Red Lobster to supplement its response to MFA's Interrogatory Nos. 2 and 3, which ask Red Lobster to identify handheld device software applications, that include font files, used by Defendant's employees/personnel in connection with employment responsibilities or that Defendant provides in the operation of its business.

1

3. Whether the Court should order Red Lobster to supplement its response to MFA's Interrogatory No. 4, which asks Red Lobster to identify code in Accused Instrumentalities that includes instructions to render characters using font files included in the Accused Instrumentalities.

4. Whether the Court should order Red Lobster to supplement its response to MFA's Interrogatory No. 5, which asks Red Lobster to identify with specificity each word, phrase, and multiple-character text item that may be rendered using a font file included in the Accused Instrumentalities.

## MFA's Positions

Issue No. 1

Defendant did not provide the address or clearly identify whether each individual was Defendant's employee or a third party contractor. This information is needed to facilitate third party discovery regarding accused instrumentalities and to prepare for depositions. The term "Identify" is defined term requiring disclosure of person's "home address, present place of...employment, present position with respect to such employment..., and present and past relationship with any of the parties..."

Defendant's argument that Plaintiff cannot contact defendant's employees ignores that (1) Defendant has also not provided last known addresses for persons not employed by Defendant (contractors and former employees), and (2) numerous cases affirm that parties are entitled to home addresses even if represented by counsel to permit parties to conduct proper investigations. Responding party may not cite Rules of Professional Conduct as grounds to withhold such information. *See, e.g., Brunson v. State Farm Fire & Cas., Co.*, No. 07-2320-MAV, 2008 WL 11320266, at *2 (W.D. Tenn. June 18, 2008)("State Farm may not disregard mandatory disclosure requirements by expressing concern that counsel...might violate ethical

rules if given certain information."); *Thurby v. Encore Receivable Management, Inc.*, 251 F.R.D. 620, 622 (D. Colorado Aug. 5, 2008)("the personal contact information of individuals" discoverable because allows "plaintiffs to conduct thorough background investigations."). This accords with aim of Rule 26 to allow "parties to depose, interview, or subpoena documents of such individuals during the period of time set aside for discovery." *Hornady Mfg. Co. v. Doubletap, Inc.*, No. 2:11-CV-18 TS, 2013 WL 1693678, at *2 (D. Utah Apr. 18, 2013).

Defendant also failed to identify persons working for identified third-party contractors responsive to ROG 1.

Relief: Order that "Within 7 days: (1) Defendant must supplement ROG 1 to produce the contact address (including home address) for identified persons and to identify for whom each identified person worked and works at all relevant times; and (2) identify each individual employed by third-party contractors responsive to ROG 1 with whom Defendant interacted."

Issue No. 2

These requests were limited to software applications with font files (features related to infringement). They seek information about potentially infringing instrumentalities. Defendant refuses to identify potentially infringing instrumentalities (applications including font files) outside those mentioned in the complaint. Courts regularly permit discovery of infringement beyond contentions where Plaintiff "could not have discovered the [instrumentality] absent discovery." *Infineon v. Volterra*, 2012 WL 6184394 at *3 (N.D. Cal., Dec. 11, 2012); *Invensas v. Renesas*, 287 F.R.D. 273, 282 (D. Del. 2012) ("[W]here a plaintiff was previously unable to obtain information about whether unaccused products infringe – courts have considered that fact

3

favorably in deciding to permit such discovery."). Plaintiff is entitled to this discovery. This information is in Defendant's sole possession.

Contrary to Defendant's assertion, it has not indicated that responsive apps do not exist, because Defendant imposes strained interpretation of the ROGs and asserts that plaintiff has no "right to discover whether it should assert infringement against other instrumentalities."

All of Defendant's ROG responses also include numerous incorporated general objections without identifying what information is being withheld based on these objections.

Relief: Order that "Within 15 days, Defendant must supplement ROGs 2-3 to Identity all responsive software applications or executable code for use on a personal or handheld devices that includes one or more full or partial font files and is used by Defendant's employees and/or personnel in the course of their employment or connection with their employment responsibilities or that Defendant provides or uses in the operation of its business."

Issue No. 3

Defendant objected that it lacks institutional knowledge or expertise, because it had a third party write the code. However, based on Defendant's response to ROG 1, Defendant appears to have in-house IT and digital platform personnel, that would have worked together with the contracted developer and provided and discussed software specifications. Further, it is Defendant that had and maintains the contractual relationship with the software developer. Defendant has yet to produce a copy of this contract. Thus, Defendant is in a better position than Plaintiff to provide this information. *See, e.g., Personal Audio, LLC v. Apple, Inc.*, 2010 WL 9499679 at *3 (E.D. Tex. June 1, 2010) (even with the same access to source code, the owner of the source code is in a better position to answer interrogatories); *Laserdynamics, Inc. v. Asus*

4

*Computer Int'l*, 2009 WL 153161 at *2 (E.D. Tex. Jan. 21, 2009) ("It is implausible for the defendants to contend that the plaintiff stands on equal footing when it comes to determining how the defendants' own products operate."); *Audatex North America Inc. v. Mitchell Intern., Inc.*, 2014 WL 4961437 at *6-*7 (S.D. Cal. Oct. 3, 2014) ("Plaintiff will face a significant burden . . . to learn the functionality of Defendant's products and understand the structure of Defendant's source code....The Court finds that Defendant[]...better equipped to provide the requested information.…Defendant needs to […] provid[e] the requested source code citations.").

Relief: Order that "Within 15 days, Defendant must supplement ROG 4 to Identify with specificity each line of code in the Accused Instrumentalities that includes one or more instructions to render at least one character using a font file that is included in the Accused Instrumentalities."

Issue No. 4

Defendant is in a better position to know which word, phrase, or text characters within the Accused Instrumentalities is rendered by one of the font files including with the Accused Instrumentalities. For the reasons set forth above in Plaintiff's position regarding ROG 4, Defendant should be compelled to produce this information.

Relief: Order that "Within 15 days, Defendant must supplement ROG 5 to Identify with specificity each word, phrase, and other multiple-character text item that may be rendered using a font file included in one or more Accused Instrumentalities when that Accused Instrumentality is used."

## Red Lobster's Positions

Issue No. 1

Red Lobster has provided MFA with all requested information, save its employees' home addresses. The contractor companies are identified by their roles ("Contracted to"), and all remaining persons are Red Lobster's employees. This is evident from their role descriptions, and from the fact that start and end dates are provided because the interrogatory only asks for dates for employees ("each Person's dates of employment").

Red Lobster objects to providing its present employees' home addresses as redundant and unnecessary because MFA's counsel is barred from contacting those individuals. Under Rule 4.02 of the Texas Disciplinary Rules of Professional Conduct (which Rule AT-7(a) of this Court adopts), MFA's counsel may not communicate with Red Lobster's employees about this litigation because their "act or omission in connection with the subject of representation may make the organization or entity of government vicariously liable for such act or omission." Red Lobster's current employees may be contacted through Red Lobster's counsel.

Red Lobster will supplement its interrogatory response to provide the last known address for those former employees on an Attorneys' Eyes Only basis, to the extent Red Lobster has this information.

Relief: Order that "Red Lobster need not supplement its response to Interrogatory No. 1 beyond providing last known addresses for former employees to the extent Red Lobster has that information."

Issue No. 2

Interrogatory No. 2 asks for apps "you use or provide in the operations of your business and/or any of your employees use in the course of performing their employment responsibilities for you."

Interrogatory No. 3 asks for apps "used by your personnel . . . in connection with their employment responsibilities at any time since February 6, 2018."

No such applications exist other than the accused instrumentality. Red Lobster has responded that it provides the My Red Lobster Rewards app to its customers, but that it "does not provide any app for hand-held devices to, or require the use of any app for hand-held devices by, its employees in connection with their employment responsibilities."

Whether employees use apps on their personal devices is irrelevant, as such use would not be at Red Lobster's direction and those devices are outside of Red Lobster's possession, custody, or control. Personal use may not be imputed to Red Lobster because Red Lobster did not direct or control such use. *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020 (Fed. Cir. 2015); *Open Text S.A. v. Box, Inc.*, 2015 WL 4940798, at *5 (N.D. Cal. Aug. 19, 2015) (employer not liable for employee's use of mobile app on personal device).

Red Lobster is not withholding any information based on its objections.

Relief: Order that "Red Lobster need not supplement its responses to Interrogatory Nos. 2 and 3."

Issue No. 3

MFA asks Red Lobster to conduct MFA's infringement investigation for it. Red Lobster is neither required nor capable of doing so because, as its Response stated, Red Lobster "lacks

7

the institutional knowledge or expertise to answer this interrogatory. Defendant does not write code for mobile applications, but instead contracts a third party to perform such work." This lack of source code knowledge extends to Red Lobster's employees that MFA cites. Red Lobster is simply unable to provide the requested source code analysis without expert advice.

Red Lobster's Response "incorporates by reference its source code that has been available for inspection since September 8, 2021, from which the burden on Plaintiff to derive or ascertain the answer to this interrogatory will be substantially the same as that of Defendant." MFA has yet to inspect Red Lobster's source code, despite now having served Final Infringement Contentions, which remain deficient for the reasons provided in Red Lobster's pending Motion to Strike (Dkt. 18, Aug. 17, 2021). Furthermore, MFA has yet to respond to Red Lobster's April 1, 2022 edits to the proposed protective order that would govern source code inspection.

The cases that MFA cites are inapposite because in each the Defendant had developed its own source code. Further, the *Audatex* case actually cuts against MFA's argument because there the court compelled a defendant to cite source code in support of its own **non-infringement** contentions. *Audatex*, 2014 WL 4961437, at *4 ("The Court agrees with Plaintiff that *Apple, Inc.* is distinguishable from this case because in *Apple Inc.,* the patentee sought source code information for infringement contentions that the patentee had drafted, whereas this case involves the accused infringer's non-infringement contentions.").

MFA's request is improper and should be denied. *See Apple Inc. v. Samsung Elecs. Co.*, 2013 WL 1563253, at *2 (N.D. Cal. Apr. 12, 2013) (denying Apple's motion to compel a "complete response" to its interrogatory requesting that Samsung "[i]dentify from the Source Code produced . . . all files that relate to the Accused Features and functionality of the Accused

Samsung Products." "[T]he court agrees that Apple's request impermissibly requires Samsung to prove Apple's case. . . . Samsung has no obligation to search its source code to extract the portions it thinks Apple thinks infringe—doing so in fact would lead to other problems regarding Samsung defining the scope of Apple's case."); *CIF Licensing, LLC v. Agere Sys. Inc.*, 2009 WL 187823, at *2 (D. Del. Jan. 23, 2009) (denying the plaintiff's motion to compel defendants to provide a detailed answer to interrogatories designed to "find . . . specific sections of [the defendants'] source code that perform specific functions claimed in the patents at issue" where the "[p]laintiff already has adequate access to the information it seeks, if that information exists" and "[d]efendants' and [p]laintiff's experts would undertake essentially the same process to glean the requested information from the source code")

  Relief: Order that "Red Lobster need not supplement its response to Interrogatory No. 4."

Issue No. 4

  MFA's request is improper for the reasons that Red Lobster provided above regarding Interrogatory No. 4.

  Relief: Order that "Red Lobster need not supplement its response to Interrogatory No. 5."

## **ORDER**

After considering the parties' respective position statements and oral argument, it is hereby ORDERED that:

1. Red Lobster shall supplement its response to Interrogatory No. 1 to provide its current and former employees' home addresses and identify whether the listed persons or entities are current employees, former employees, or contractors, which shall be produced without being designated as confidential;

2. Red Lobster need not supplement its responses to Interrogatory Nos. 2 and 3 based on Red Lobster's representation that "No such applications exist other than the accused instrumentality"; MFA may test Red Lobster's representation through other discovery, including through depositions;

3. Red Lobster need not supplement its response to Interrogatory No. 4;

4. Red Lobster need not supplement its response to Interrogatory No. 5; and

5. the Court's Default Protective Order for Patent Cases is in effect in this case as of June 22, 2022; modifications to the Default Protective Order may be made by the parties by agreement of the parties.

SIGNED this the 30th day of June 30, 2022.

_____
Alan D Albright
United States District Judge